UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARVEY CLARK | CIVIL ACTION |
| VERSUS | NO: 19-6054 |
| NICHOLLS STATE UNIVERSITY, JAY CLUNE, VELMA SUE WESTBROOK, REBECCA LYONS, ALAINA DAIGLE, SHANE ROBICHAUX, TOMMY PONSON, AND OTHER EMPLOYEES | SECTION: T(2) |

## ORDER

Before the Court is a "Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) Filed on Behalf of All Defendants"[1] filed by Nicholls State University (improperly named as a defendant herein), Jay Clune, Velma Sue Westbrook, Rebecca Lyons, Alaina Daigle, Angele Davis, Shane Robichaux, Tommy Ponson ("Defendants"). Harvey Clark ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion to Dismiss is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Plaintiff's claims, which include violations of the First Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972 ("Title IX"), Title II of the Americans with Disabilities Act ("ADA"), 18 U.S.C. §§ 241, 242, and 254, 18 U.S.C. § 371, 28 U.S.C. § 4101, 31 U.S.C. §§ 3729-33, and 42 U.S.C. §§ 1981, 1983, and 1985.[3] Plaintiff is a former Nicholls State University student.[4] Defendants are Nicholls State University, the president of Nicholls State

---

[1] R. Doc. 18.
[2] R. Doc. 23.
[3] R. Doc. 4.
[4] R. Doc. 18.

University, a department head, and other instructors and staff.[5] Plaintiff asserts that Defendants conspired to deny Plaintiff the ability to take an exam and ultimately to expel him from the university because Plaintiff voiced certain concerns at a public meeting.[6]

On April 24, 2019, Plaintiff filed his *pro se* complaint against the Defendants alleging several causes of actions.[7] Defendants filed a "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" contending that the complaint lacks the necessary facts and is incomprehensible and that the complaint should, therefore, be dismissed for failing to state a claim upon which relief can be granted.[8]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[9] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[10] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[12] and the documents attached to the complaint.[13]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[14] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded

---

[5] R. Doc. 4.
[6] R. Doc. 4.
[7] R. Doc. 4.
[8] R. Doc. 18.
[9] Fed. R. Civ. P. 12(b)(6).
[10] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[12] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[13] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[14] *Iqbal*, 556 U.S. at 678.

factual allegations and drawing all reasonable inferences in plaintiff's favor.[15] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[16] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[17]

A *pro se* complaint is given a liberal reading.[18] A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers."[19] However, the complaint must satisfy procedural standards.[20]

The Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted. In the present case, Plaintiff's complaint cites unrelated federal statutes, reaches legal conclusions, and fails to allege facts to support a claim against Defendants. Plaintiff seeks to bring claims under various criminal statutes, which do not provide a right to a civil action for deprivation of rights.[21] Additionally, Plaintiff seeks to assert claims under 18 U.S.C. § 1371, 28 U.S.C. §1401, and 31 U.S.C. § 3728, which relate to foreign defamation judgments and conspiracy to defraud the United States. Plaintiff's complaint, however, fails to allege any facts to support such claims.

As to the alleged constitutional violations, Plaintiff merely makes legal conclusions rather than any factual allegations. In attempting to allege a Fourteenth Amendment Due Process violation, Plaintiff's complaint states, "I was not granted any meaningful hearing…I was not allowed to directly question or cross examine any person during the hearing. I was not given proper

---

[15] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[16] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).
[17] *Twombly*, 550 U.S. at 555.
[18] *Payton v. United States*, 550 F. App'x 194, 195 (5th Cir. 2013) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972)).
[19] *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976).
[20] *See Douglass v. United Services Auto. Ass'n,* 65 F.3d 452, 455 n. 4 (5th Cir.1995).
[21] *Adams v. Ellis*, 197 F.2d 483 (5th Cir. 1952).

notice, a meaningful opportunity to be heard or a neutral decision maker."[22] These allegations are insufficient to state a claim for relief for a violation of any of Plaintiff's constitutional rights.

With respect to Plaintiff's ADA claim, Plaintiff's complaint alleges, "I ..... a) am disabled within the meaning of the ADA. b) am a qualified individual under the ADA and c) has suffered an adverse action because of my disablility [sic]."[23] As to his Title IX claim, Plaintiff contends "REBECCA LYONS VIOLATED TITLE IX WHEN SHE WITNESS A FEMALE INSTRUCTOR, ALAINA DAIGLE, ASSAULT ME, MS LYONS ALSO ATTEMPTED OR ACTUAL ACTED IN MALACE TO HAVE ME BANNED, SUSPENDED, EXPELLED, ARRESTED, IN RETALIATION FOR OPPOSING THE COLLEGES INCOSISTENCIES IN POLICIES AND MISCOMMUNICATIONS TO STUDENTS [sic]."[24] These allegations fail to state a claim for relief against Defendants under the ADA or Title IX. Additionally, as to the individual Defendants, there is no individual liability under Title IX.[25]

Lastly, Plaintiff fails to allege facts necessary to maintain a defamation claim. Under Louisiana law, to maintain a defamation claim, a plaintiff must prove: "1) publication, *i.e.*, communication to some person other than himself; (2) falsity; (3) malice, actual or implied; and (4) resulting injury."[26] Here, Plaintiff's complaint is devoid of any facts to support any of the required elements to state a defamation claim.

Plaintiff has requested the Court grant him leave to amend his complaint to remedy any deficiency the Court finds applicable.[27] The Fifth Circuit has instructed that a plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing

---

[22] R. Doc. 4, p.5.
[23] R. Doc. 4, p.5.
[24] R. Doc. 4, p.5.
[25] *See Plummer v. Univ. of Houston*, 860 F.3d 767, 783 n.12 (5th Cir. 2017).
[26] *Manale v. City of New Orleans, Dep't of Police*, 673 F.2d 122, 125 (5th Cir. 1982).
[27] R. Doc. 23, p.2.

4

the action with prejudice.[28] Consequently, the Court finds Plaintiff should be given leave to amend his complaint.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) [29] is **GRANTED**. This dismissal is WITHOUT PREJUDICE and with leave to file an amended complaint within twenty-one (21) days of this order.

**New Orleans, Louisiana**, on this  22nd  day of January, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

**Clerk to Notify via Certified Mail,
Return Receipt Requested:**

**HARVEY CLARK
1415 Himalaya Ave. #3
Thibodeaux, LA 70301**

---

[28] *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).
[29] R. Doc. 18.